**Vermont Superior Court**
**Environmental Division**

================================================================================

## E N T R Y   R E G A R D I N G   M O T I O N

================================================================================

**In re Musty Zoning Permit,**                                    **Docket No. 174-10-10 Vtec**

Project:  Construction of single family dwelling on previously-subdivided lot.
Applicant:  Sherrill Musty
        (Appeal from DRB denial of appeal from Zoning Administrator's permit determination)

Title:  Motion to Dismiss Certain Issues in SOQ (Filing No. 1)

Filed:  January 3, 2011

Filed By:  Liam L. Murphy, Attorney for Appellee/Applicant Sherrill N. Musty

Response in Opposition filed on 01/19/11 by Appellant Frederick P. Tiballi

Reply filed on 02/03/11 by Liam L. Murphy, Attorney for Appellee Sherrill N. Musty

Additional Response in Opposition filed on 02/15/11 by Appellant Frederick P. Tiballi

_X_ Granted                    ___ Denied                    ___ Other

Neighbor Frederick Tiballi ("Appellant") appeals the issuance of a zoning permit to Sherrill Musty ("Applicant"), authorizing the construction of a single family dwelling on a previously subdivided lot, located at 62 Crescent Terrace in the City of Burlington ("City").  By his Statement of Questions, totaling 47 Questions that are elaborated over 21 pages, Appellant identifies the scope of the legal issues he requests that this Court address in this appeal.  Because we conclude that many of Appellant's Questions are beyond the jurisdictional parameters of this appeal, we **DISMISS** the Questions identified below.

Some background has been provided by the parties.  In 2008, Applicant submitted an application to subdivide her pre-existing lot on Crescent Road, which had previously been developed with a single family dwelling.  By this subdivision, Applicant intended to create two lots, one of which would host the pre-existing dwelling and the second of which would be developed in the future.  The City of Burlington Development Review Board ("DRB") ultimately approved Applicant's proposed two-lot subdivision by decision dated December 17, 2008.  No appeal was taken from that decision and it therefore became final.  See 24 V.S.A. § 4472(d) ("failure of any interested person to appeal [a municipal land use determination results in] all interested persons affected . . . be[ing] bound by that decision").

Some unfortunate consternation may have been caused for Appellant and others by the next procedural facts.  The DRB's subdivision approval was conditioned upon several general and specific conditions.  Two of the specific conditions required that Applicant (1) record a subdivision mylar plat "with all applicable endorsement signatures" and (2) that prior to finalizing and recording the mylar copy of the subdivision plat, the plat "be revised [to] show[] the front yard setbacks on the two adjacent properties to the south and a compliant front yard setback on the proposed vacant lot . . ., subject to staff review and approval." In re Musty Combined Preliminary & Final Plat Review of 2-lot subdivision (no development included), at 5 (City of Burlington Dev. Review Bd. Dec. 17, 2008).

The DRB December 17, 2008 subdivision decision referenced the size of the proposed new lot as being 6,020 square feet.[1]  However, when the revised subdivision plat was recorded in mylar form with the City, it showed the proposed new lot as having 7,220 square feet.  This revised subdivision plat, with the signature endorsement of the then DRB Chair, was recorded in the City of Burlington Land Records on May 19, 2009 at Map Slide 437B; Appellant filed a copy of this recorded map as his Exhibit 3.

The official file concerning this prior subdivision also includes the following:

➢ A note from a City Planner, dated June 17, 2009, certifying that the subdivided vacant lot was 7,220 square feet in size and that this size estimate was different than that referenced in the DRB decision "due to lot line adjustments that were needed in order to comply with condition of approval #2."  See Appellant's Exhibit 4.

➢ A "Zoning Permit Certificate of Appropriateness" for the Musty subdivision plat was issued by the City of Burlington Department of Planning and Zoning on June 29, 2009.

No appeal was taken from the endorsement signature of the DRB Chair, the lot size certification, nor the issuance of the Certificate of Appropriateness.  We therefore are obligated to respect those final determinations and cannot allow them to be collaterally attacked in this appeal. 24 V.S.A. § 4472(d); see also Levy v. Town of St. Albans  Zoning Bd. of Adjustment, 152 Vt. 139, 143 (1989) (concluding that 24 V.S.A § 4472(d) "implements a policy of repose, even where the [municipal] board's ruling is ultra vires.  To hold otherwise would severely undermine the orderly governance of development and would upset reasonable reliance on the process.").

Many of the Questions Appellant presents challenge the legal sufficiency of the subdivided lot and do not directly challenge the construction permit at issue in this appeal.  Appellants' Questions 1, 3, 11, 12, 14, 15, 18, 19, and 20 all challenge the sufficiency of the lot street frontage, which is an issue directly addressed in the prior subdivision permit proceedings.  Questions 5(g) and 27[2] allege that the lot created through the prior subdivision process is non-conforming, although the basis for this nonconformity is not entirely clear from Appellants' multiple filings.[3]  Questions 6 through 10 (inclusive), and all of Question 13 challenge the legal sufficiency of the subdivided lot.  Questions 34 through 42 (inclusive) and 47 question the legality of the recorded mylar copy, endorsed by the DRB Chair, of the final subdivision plat.  Appellant expresses strong arguments to support these challenges to the subdivision process and the lot that it approved, but he offers no foundation for our legal authority to address those challenges in the present appeal of a construction permit.  We find no authority for ignoring § 4472(d) and the jurisdictional limits thereby imposed on this Court.  We therefore conclude that these Questions must be **DISMISSED** as a matter of law.

Appellant also asserts, by his Questions 27 through 31 (inclusive), that Applicant's application to construct a single family residence is not in compliance with the general purpose provisions for the zoning district in which this property lies: the Residential Low Density Zoning District ("RL District").  See City of Burlington, Vermont Comprehensive Development Ordinance

---

[1] The minimum lot size for the applicable zoning district is 6,000 square feet.  City of Burlington, Vermont Comprehensive Development Ordinance § 4.4.5(b).

[2] Appellant's Statement of Questions contains two versions of Questions 23 through 27 (inclusive).  Compare page 16 to page 17 from Appellant's Statement of Questions.  That is why Question 27 is addressed twice in our analysis: to address both versions of the Question.

[3] Appellant's motions and legal memoranda follow a confusing format and are at times difficult to comprehend.  We strongly encourage Appellant to seek assistance in proofreading his court filings.  Obtaining such assistance from a licensed attorney experienced in the area of land use litigation would help Appellant determine how best to present his legal arguments and would greatly assist the Court in understanding them.  At a minimum, the Court recommends that Appellant consider using a uniform font style and size in his narrative paragraphs, and refrain from using capitalized or italicized fonts, except in exceptional circumstances.

("Ordinance") § 4.4.5(a)(1).   In these Questions, Appellant cites specifically to the purpose provision for all Residential Districts (Ordinance § 4.4.5(a)) and the language therein.

Applicant requests that we dismiss these Questions as well, on the grounds that the purpose provisions are standardless and therefore must be regarded as void for vagueness, pursuant to the Supreme Court's directive in In re JAM Golf, LLC, 2008 VT 110, 185 Vt. 201.  For the reasons stated below, we **GRANT** Applicant's request that these Questions be dismissed, but not because of the assessment suggested by Applicant.

Purpose provisions in zoning regulations provide an important overview and starting point for the analysis of a land use application.  Such provisions are often general in nature and provide a basic overview instead of specific criteria with which a proposed development must be shown to conform.  In In re Pierce Woods PRD and Subdivision Application, we explained the following:

> Purpose provisions in zoning regulations are necessary and helpful because they often provide a guide for interpretation and enforcement of regulatory provisions in an ordinance.  But the purpose provisions are not in themselves regulatory in nature.  See In re Meaker, 156 Vt. 182, 185 (1991) (a "purpose statement . . . has no direct regulatory effect."), citing Kalakowski v. John A. Russell Corp., 137 Vt. 219, 225 (1979).  Thus, while [a purpose provision] provides guidance for our analysis . . ., it is improper for the Planning Commission in the first instance or this Court on appeal to determine "conformance" with this purpose provision.

No. 33-2-06 Vtec, slip op. at 8 (Vt. Envtl. Ct. Feb. 28, 2007), aff'd, 2008 VT 100.  We therefore conclude that Questions 27 through 31 must be **DISMISSED** from this appeal, because, while the precedent of Meaker establishes the value of purpose provisions, it also dictates that such provisions do not establish specific standards against which a development application may be judged.  For the same reasons, we also decline Applicant's implied invitation to strike the purpose provisions as void for vagueness.  We conclude that the precedent of JAM Golf does not apply to purpose provisions in zoning ordinances.

Lastly, we review a Question that Applicant does not specifically challenge: Appellant's Question 32.  By this Question, Appellant seeks a determination of whether the proposed development conforms with the stated "intent" of Ordinance § 5.2.4.  Section 5.2.4 concerns lot coverage provisions under the city-wide General Regulations in Article 5 of the Ordinance.  The intent language of Ordinance § 5.2.4 cited by Appellant appears to be a purpose provision, and for that reason this Question may be dismissed for the same reasons as detailed above.  Additionally, Ordinance § 5.2.4 appears to be inapplicable to the pending application.  The specific lot coverage limitation, by its very language, applies only to "properties two (2) or more acres in size," but the lot at issue here is less than two acres.  Further, as the City notes in its memorandum in response to all of the pending motions, Appellant's calculation of the area to be covered by Applicant's development includes roof overhangs and other areas not contemplated by the Ordinance as included in lot coverage calculations.  For these reasons, we **DISMISS** Appellant's Question 32 as well.[4]

For all these reasons, the following Questions from Appellant's Statement of Questions are hereby **DISMISSED**: 1, 3, 5(g), 6–15, 18–20, 27–31, 32, 34–42, and 47.

_____          __February 24, 2011__
        Thomas S. Durkin, Judge                                    Date

================================================================================
Date copies sent to:  _____                          Clerk's Initials _____

---

[4]  We note that there is no Question 33 in Appellant's Statement of Questions, filed November 2, 2010.

Copies sent to:

    Appellant Frederick P. Tiballi
    Kimberlee J. Sturtevant, Attorney for the City of Burlington
    Liam L. Murphy, Attorney for Appellee/Applicant Sherrill N. Musty
    Interested Person Lynne Tiballi
    Interested Person Phyllis P. Rose
    Interested Person Alexander H. Rose
    Interested Person Colin Trevorrow
    Interested Person Isabelle Trevorrow
    Interested Person Lewis R. First
    Interested Person Sandra L. First
    Interested Person Rachel First
    Interested Person Daniel L. Lustgarden
    Interested Person Callie Fortin
    Interested Person Charles Bookwalter
    Interested Person Carol S. Bookwalter
    Interested Person Jurij Homziak
    Interested Person Mary Trexler
    Interested Person Ann K. Cenci Family Trust
    Interested Person Eugene P. Cenci
    Interested Person Robert G. Openheimer
    Interested Person Wendy D. Oppenheimer
    Interested Person Ann Vivian
    Interested Person Sue Ellen Strang
    Interested Person Rita Carlile
    Interested Person Paul Carlile