STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

                                              }
In re Fennessey's 20 West Main St., LLC       } Docket Nos. 14-1-10 Vtec
        (Appeals of Wecker et al.)            }    and 154-9-10 Vtec
                                              }

Decision and Order on Cross-Motions for Summary Judgment

In Docket No. 14-1-10 Vtec, Applicant-Appellants Ross C. Wecker and Fennessey's 20 West Main St., LLC (Appellants) appealed from a December 17, 2009 decision of the Development Review Board (DRB) of the Town of Wilmington denying a variance for an enclosed addition; in that appeal they challenge only one condition ordering them to dismantle a deck on the eastern side of the subject restaurant building. In Docket No. 154-9-10 Vtec Appellants appealed from an April 27, 2010 decision of the DRB, denying a variance for the as-built construction of the same deck. Appellants are represented by Appellant Ross C. Wecker, Esq., an attorney admitted in Vermont. The Town is represented by Robert M. Fisher, Esq. Interested Person Cynthia Beaudette has entered an appearance on her own behalf, and participated in pretrial conferences, but has not taken an active role with regard to the present motions.

Appellants and the Town have each moved for summary judgment. A grant of "[s]ummary judgment is appropriate when, giving the benefit of all reasonable doubts and inferences to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Gade v. Chittenden Solid Waste Dist., 2009 VT 107, ¶ 7 (citing Mooney v. Town of Stowe, 2008 VT 19, ¶ 5, 183 Vt. 600 (mem.); V.R.C.P. 56(c)). When considering cross-motions for summary judgment, the Court gives each party "the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of Burlington v. Fairpoint

1

<u>Communications, Inc.</u>, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing <u>Toys, Inc. v. F.M. Burlington,</u> <u>Co.</u>, 155 Vt. 44 (1990)).  The facts stated in this decision are undisputed unless otherwise noted.

<u>Procedural and Factual Background</u>

Appellant Wecker owns property at 20 West Main Street in Wilmington, Vermont, containing an existing restaurant and single-family dwelling in a single building.  The property is located in the Commercial zoning district and in two overlay zoning districts: the Historic Review district and the Flood Hazard area.  The location of the building on its lot and its use as a restaurant predate the adoption of zoning in Wilmington.  A restaurant use is allowed as a conditional use in the Commercial district.

The property is a long, narrow, irregularly L-shaped 0.3-acre lot located between the roadway of West Main Street (Route 9) and the Deerfield River, but not extending all the way to the river.[1]  The property has 47 feet of frontage at the street.  The building is oriented on the lot with its northerly end facing the street, approximately four to six feet from the northerly property line.  The restaurant's entrance is along the western side of the building.  A previously permitted deck with an overhead trellis is attached to the back or southern end of the building, facing towards the river.  This southern deck is not at issue in the present appeal.

A jog in the eastern lot line makes the lot wider at its northerly end near the street than in the narrow central section of the lot.  Within this jog, the eastern face of

---

[1] Route 9 runs in a southeasterly to northwesterly direction in this location, making the property's frontage on the street its northeastern boundary.  However, for ease of reference this decision will use the directional indicators as used by the parties, treating the street frontage as the property's northern boundary.

the building is located approximately ten to 11½ feet from the eastern property line.[2] Southerly of the jog, the remainder of the eastern face of the building is located approximately four feet from the eastern property line.

The lot is therefore a nonconforming lot as to lot frontage and lot size in the Commercial zoning district, in which 150 feet of frontage is required and a minimum lot size of one acre is required. The building on the lot is nonconforming as to its front setback and at least as to its east side setback in the Commercial zoning district, which requires a forty-foot setback.

An existing fieldstone wall (the stone wall) approximately four feet in height runs along the eastern property line southerly from the sidewalk. A short extension of that wall turns the northeast corner of the property and extends westerly for a few feet along the northern property line at the sidewalk.[3] Another extension of that wall turns a corner and runs westerly along the jog in the eastern lot line to where the property narrows, ending at the eastern wall of the building.

As of February of 2008, the stone wall and the eastern side of the building defined a crushed stone patio. The patio was enclosed on its western side by the eastern side of the building, and on its southern, eastern, and northern sides by the stone wall, except for a gap between the northern face of the building and the sidewalk segment of wall that allowed access to the patio.

From August of 1991 to August of 2003, as reflected in the unsworn statement of previous owners submitted as Appellants' Exhibit E, the patio was used for outdoor

---

[2] There is or was some uncertainty regarding the exact location of this boundary; however, the one-and-a-half-foot difference, which appears to account for the width of the stone wall, does not affect the reasoning of this decision.

[3] The photocopied photographs provided in Appellants' Exhibit D are very poor in quality, but are adequate to assist the Court in visualizing the undisputed facts describing this wall.

dining.[4]  The use of the patio area, as contrasted with construction within the patio area, is not at issue in the present appeals.

In the summer of 2009, Appellants constructed a second deck along the eastern side of the building (the East Deck), within the patio area.  It is thirty-eight feet in length and extends ten-and-a-half feet out from the eastern side of the building to within approximately one foot of the eastern property line.  The East Deck is approximately seven inches in height and is constructed above the crushed stone patio[5] and entirely within the boundaries of the stone wall.  It does not extend towards the street any further than the front (northerly) face of the building.  From the second of the three photographs provided as part of Appellants' Exhibit D, it is not possible to determine whether the East Deck is free-standing or is attached in any way to the eastern face of the building at approximately the level of the sill.  No other material supplied with either party's motion establishes whether the East Deck is or is not attached to the building.

From the second of the three photographs provided as part of Appellants' Exhibit D, passage onto the East Deck at its northern edge is controlled by a segment of fence or stair rail approximately four feet in height, constructed on the northern edge of the East Deck, and allowing passage onto or off the East Deck near the northeast corner of the building.

---

[4]  That statement also stated that the patio contained "evidence of framework, sills, and the remains of a wooden deck."  However, Appellants do not make any claim that a wooden deck surface was preexisting or, if it did exist, that it was not abandoned as provided in § 3(A)(1)(e).  Accordingly, this decision does not address those aspects of the Town's motion for summary judgment countering this argument.

[5]  Appellants state in their statement of undisputed facts that the East Deck rests upon "a number of large wooden footings that were discovered under the crushed stone."  That statement is not supported by any affidavit, photographs or other evidence provided with the motions for summary judgment, but also is not relied on by Appellants for any argument.

In late 2009, Appellants applied through an agent for a variance, as well as for conditional use, historic district, and flood hazard review, for a proposal to build a 447-square-foot[6] enclosed addition to the existing building on the East Deck that had already been constructed above the patio. The addition was proposed to contain a bar and area for patrons to wait until they could be seated in the dining area. In its December 17, 2009 decision (the Enclosed Addition Variance Decision), the DRB denied the variance, and therefore did not reach the standards for conditional use, historic district, or flood hazard area review. The variance denial is not at issue in this appeal. However, as well as denying the variance for the enclosed addition and passageway, the DRB stated that "[t]he newly constructed deck [East Deck] is in violation of the Wilmington Zoning Regulations" and ordered that it "shall be removed within six months of the date of this decision." It is this directive that is the sole issue on appeal in Docket No. 14-1-10 Vtec.

Docket No. 14-1-10 Vtec was placed on inactive status by agreement of the parties to enable Appellants to apply for a variance for the as-built construction of the East Deck itself. Appellants applied in July 2010 for a variance from dimensional requirements for the as-built East Deck, and for historic district and flood hazard review of the East Deck. The 2010 application was warned as a 400-square-foot deck for open air dining. In its August 19, 2010 decision (the East Deck Variance Decision), the DRB denied the variance, and therefore did not reach the standards for historic district or flood hazard area review.

---

[6] The application was warned as a 4**7**7-square-foot addition. However, from the materials provided by the parties, it appears to have totaled 44**7** square feet, consisting of a 38-foot by 10.5-foot enclosed addition (399 square feet), on the previously constructed East Deck of the same size, plus a 48-square-foot enclosed passageway leading from the addition to the dining area of the restaurant.

<u>Directive to Demolish East Deck in 2009 Enclosed Addition Variance Decision</u>

Appellants are correct that the DRB was without authority to order demolition of the East Deck in its 2009 Enclosed Addition Variance Decision, which ruled on an application only for the enclosed addition and passageway.

To correct a violation of its zoning bylaws in the absence of a prior DRB decision, a municipality has available to it the enforcement provisions of 24 V.S.A. §§ 4451 and 4452. A municipality may enforce decisions of its DRB through 24 V.S.A. § 4470(b). In addition, in granting a variance, a DRB may impose necessary and appropriate conditions, under 24 V.S.A. § 4469(c).

In the present case, the DRB denied the variance for the enclosed addition and passageway, and therefore did not have available to it the authority of § 4469(c). Nor could it use § 4470(b), as there was at that time no DRB decision regarding the East Deck for it to enforce.

To obtain an injunction to abate construction alleged to be in violation of a zoning bylaw, a municipality may institute an action under 24 V.S.A. § 4452. This section does not require a prior notice of violation to be issued. However, if the action is to be instituted in this Court, a complaint must be filed as a civil action, as provided in V.R.E.C.P. 3(6). No such complaint was filed on behalf of the Town for removal of the East Deck.

Finally, to impose a monetary penalty for a zoning violation as provided in 24 V.S.A. § 4451(a), a municipality must provide a seven-day warning notice (notice of violation) and opportunity to cure, before commencing an enforcement action by filing a complaint pursuant to V.R.E.C.P. 3(5). Such a notice of violation could have contained the requisite 'opportunity to cure' by requiring removal of the East Deck by a certain date, but no such notice of violation was issued under § 4451(a) prior to the DRB's December 17, 2009 decision.

Accordingly, summary judgment must be granted to Appellants in Docket No.

14-1-10 Vtec that the directive to demolish the East Deck contained in the DRB's Enclosed Addition Variance Decision was without authority and of no effect.

East Deck Application for Variance from Dimensional Requirements

The building was built before the adoption of zoning in Wilmington, and is therefore an existing building, exempt from the Zoning Ordinance except as provided in § 3(A) of the Zoning Ordinance. Under § 3(A)(1)(a), an owner may add to an existing building "up to twenty (20) feet from the public road limits and up to ten (10) feet from any property line." If the East Deck is considered to be an addition to the building, it must meet these standards, or obtain a variance.

The face of the building fronting the street is located approximately four to six feet from the northern property boundary; that is, it is closer than 20 feet from the public road limits. Although the as-built East Deck does not extend any closer to the public road limits than does the existing front of the building, because the East Deck extends 10½ feet farther to the east, a portion of the East Deck occupies an area of the front setback area that was formerly occupied only by the crushed stone patio. If it is an addition to the building, the East Deck therefore requires a variance from the front setback applicable to additions to existing nonconforming buildings.

In the location of the stone patio, the eastern side of the building is approximately 11½ feet from the eastern property boundary, and therefore is in compliance with the 10-foot side setback applicable to additions to nonconforming buildings. Therefore, the East Deck also occupies side setback area that was formerly clear. If it is an addition to the building, the East Deck therefore requires a variance from the side setback applicable to additions to nonconforming buildings.

Applicability of Historic Review and Flood Hazard Approval to East Deck

Regardless of whether the East Deck is or is not defined as either a "structure" or

7

a "building" under the Zoning Ordinance, and regardless of whether it is or is not subject to the setback requirements of the Zoning Ordinance, its construction did require a permit "through [DRB] approval" as provided in § 630(D)(6) of the Zoning Ordinance, because it is within the Historic Review zoning district and is at least a significant change to a site component of a permanent nature. Similarly, it did require Flood Hazard Area approval under § 805 of the Zoning Ordinance as proposed construction within an area of special flood hazard.

As the DRB did not reach either the Historic Review or the Flood Hazard Area review aspects of the application, if a variance is not required for the East Deck, the application must be remanded to the DRB for it to perform those reviews in the first instance. See, e.g., In re Musto Construction Permit, No. 132-7-09 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 10, 2011) (Wright, J.) (citing In re Maple Tree Place, 156 Vt. 494, 500 (1991)) ("It is for the DRB in the first instance, and not for the Court, to consider the issues that divide the parties").

Applicability of Setback Requirements to East Deck

The Court is obligated to apply a municipality's zoning ordinance as it is written. In re Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262 (courts interpret zoning ordinances by construing words according to their plain and ordinary meaning) (citing In re Stowe Club Highlands, 164 Vt. 272, 279 (1995)); Kalakowski v. John A. Russell Corp., 137 Vt. 219, 223 (1979) ("where the meaning [of a zoning regulation] is plain, courts have a duty to enforce the enactment according to its obvious terms").

Section 13 of the Wilmington Zoning Ordinance defines a setback as the distance between the nearest portion of a "building" and the relevant property line; similarly, § 6(B)(2) requires a forty-foot setback to the side line from a "building" in the Commercial zoning district. Section 3(A)(1)(a) allows additions to existing nonconforming "building[s]" to within twenty feet of the public road limits and to

8

within ten feet of any property line.

Section 13 defines the term "structure" as "any assembly of materials for occupancy or use[,] including, but not limited to" buildings, and non-farm walls or fences taller than eight feet. Section 13 defines the term "building" essentially as any structure "enclosed and isolated by exterior walls."

Appellants argue that the deck is not required to meet the setback requirements, because at most it falls within the definition of "structure" in the Zoning Ordinance and does not fall within the definition of "building." Appellants are correct that under the Wilmington Zoning Ordinance, only a "building" must meet the setback requirements. If an open deck, porch, or set of stairs is part of a building, such features must also meet the setback requirements, or obtain a variance. To conclude otherwise would mean that a landowner would be able to build the exterior walls of a building right up to the setback line and then expand the building into the setback with a porch or deck or set of stairs, contrary to the setback requirements.

On the other hand, the Zoning Ordinance does not require a free-standing structure that is not a building to comply with the setback limitations. Although the East Deck was constructed in an outdoor space surrounded by a perimeter stone wall, it is not "enclosed and isolated by exterior walls" in the sense used in the definition of "building." First, there is no indication that the existing stone wall is attached to or incorporated into the East Deck in any way. More importantly, the stone wall does not function as an "exterior wall" for the deck, because it does not create any interior space. Rather, the deck remains in the outdoors, exposed to the elements, regardless of the presence or absence of the stone wall.

Thus, if the East Deck is attached to the building, it is therefore an addition to or extension of the building, and because it extends into the front and side setback areas more than allowed under § 3(A)(1)(a), it requires a dimensional variance to obtain a

9

permit.[7]  If the East Deck is a free-standing structure within the former patio area, it is not an addition to or extension of the building, does not have to comply with setbacks, and does not require a dimensional variance to obtain a permit.  As explained above, it nevertheless does require Historic Review and Flood Hazard Area review to obtain a permit.

Effect of East Deck's Location Within Area Enclosed by Stone Wall

Appellants also argue in the alternative that, if the setback requirements were applicable to the East Deck, it does not violate those requirements because it is constructed within the area outlined by the preexisting structure of the stone wall.

If the setback requirements were applicable to structures rather than only to buildings, the fact that the East Deck is within the area outlined by the stone wall would not relieve it of having to meet the setback requirements.  Fences and walls are functionally expected to be at or near property lines; that is why at least low walls and fences are ordinarily exempted in some way from compliance with setbacks. See, e.g., In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 10 (mem.) (zoning regulations exempt fences from the definition of structure); In re Appeal  of Baade, No. 31-2-98 Vtec, slip op. at 2,

_____

[7] Appellants do not dispute that the East Deck would not qualify for a variance if one was required.  To obtain a variance, a property must meet all five of the variance criteria found in 24 V.S.A. § 4469(a) and reiterated in § 10(E) of the Zoning Ordinance.  The East Deck fails to meet at least the second and third of these criteria, and therefore fails to qualify for a variance.  The building on the property has been operated as a restaurant for more than 30 years, without the East Deck, and also  contains a residence.  The East Deck is therefore not required to enable the reasonable use of the property.  See, e.g., Application of McDonald's Corp., 151 Vt. 346, 350 (citing DeWitt v. Town of Brattleboro Zoning Bd. of Adjustment, 128 Vt. 313, 321 (1970)) ("Variances are not to be given to guarantee the most profitable use of the property.").  In    addition,    the    claimed 'unnecessary hardship' has been created by Appellants by building the East Deck in an area that fails to meet the provisions of the Zoning Ordinance for expansion of preexisting nonconforming buildings.

10

(Vt. Envtl. Ct. Jan. 4, 1999) (Wright, J.) (the definition of structure does not include fences or stone walls).

It would be an absurd interpretation, and would run counter to the purpose of having a setback regulation at all, to infer that structures may be built indiscriminately in the setback areas of front or side yards as long as those yards are already enclosed by a fence or wall. See In re Williston Group, 2008 VT 47, ¶ 14, 184 Vt. 621 (mem.) (goal of interpreting regulations is to carry out the intent of the drafters); Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177 Vt. 287 (statutory interpretation that leads to absurd or irrational results is disfavored).

The material fact of whether the East Deck is attached to and therefore part of the building has not been established in the summary judgment materials supplied by the parties, but may not actually be disputed. If the East Deck is attached to and therefore part of the building, summary judgment must be granted to the Town that the East Deck is subject to the setback requirements of § 3(A)(1)(a) of the Zoning Ordinance, and does not qualify for a variance from those setback requirements, concluding this appeal. On the other hand, if the East Deck is constructed as a free-standing deck within the existing stone wall patio, summary judgment must be granted to Appellants that the East Deck is not subject to the setback requirements of § 3(A)(1)(a), so that no variance is required.

Accordingly, based on the foregoing, in Docket No. 14-1-10 Vtec it is hereby ORDERED and ADJUDGED that summary judgment is GRANTED to Appellants and DENIED to the Town, that no authority is provided in 10 V.S.A. ch. 117 or in the Wilmington zoning ordinance for the DRB to order the removal of the East Deck, in the context of a variance application for an enclosed addition to that deck. This decision concludes Docket No. 14-1-10 Vtec.

Also based on the foregoing, in Docket No. 154-9-10 Vtec, it is hereby ORDERED and ADJUDGED in the alternative as follows:

- If the East Deck is attached to and therefore part of the building, summary judgment is GRANTED to the Town and DENIED to Appellants that the East Deck is subject to the setback requirements of § 3(A)(1)(a) of the Zoning Ordinance, and does not qualify for a variance from those setback requirements, concluding this appeal; but

- If the East Deck is constructed as a free-standing deck within the existing stone wall patio, summary judgment is GRANTED to Appellants and DENIED to the Town that the East Deck is defined as a "structure" but not a "building," and therefore is not subject to the setback requirements of § 3(A)(1)(a) of the Zoning Ordinance, so that no variance is required. If the East Deck is a free-standing deck within the existing stone wall patio, this matter is hereby remanded to the DRB for it to address the Historic Review and Flood Hazard Area review aspects of the application, concluding this appeal. Any appeal of any future decision of the DRB on those issues would be a new appeal requiring a new notice of appeal and filing fee, and would receive a new docket number at that time.

If any facts are disputed between the parties as to whether the East Deck is in fact constructed as a free-standing deck or is attached to the eastern wall of the building, please advise the Court as soon as possible, so that any necessary brief evidentiary hearing may be scheduled.

Otherwise, Appellants shall prepare a judgment order for both appeals, following the applicable alternative above for Docket No. 154-9-10 Vtec. The judgment order shall be approved as to form by the Appellants and the Town, and a copy shall be provided to Interested Person Beaudette; the judgment order shall be submitted to the

12

Court on or before August 29, 2011.

Done at Berlin, Vermont, this 19th day of August, 2011.

_____
Merideth Wright
Environmental Judge