John Kalakowski and Laurence Adams v. John A. Russell
Corporation and the Board of Zoning Adjustment
for the Town of Clarendon

[401 A.2d 906]

No. 139-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 18, 1979

*Robinson E. Keyes* and *R. Joseph O'Rourke* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiffs.

*John A. Facey, III,* of *Crowley, Banse & Kenlan,* Rutland, for John A. Russell Corporation.

**Daley, J.** The defendant, John A. Russell Corporation, secured a permit from the administrative officer for construction of a warehouse in the Town of Clarendon. On plaintiffs' appeal, the board of adjustment sustained the decision of the administrator. The plaintiffs then appealed to the Rutland Superior Court. 24 V.S.A. § 4471. They also brought a separate action to enjoin construction of the building. By agreement of counsel, both causes were consolidated.

The defendant's proposed facility would be situated on 3.12 acres in a district zoned "commercial and residential." It would be used primarily as a wholesale warehouse and distribution center, and only incidentally for retail sales. After a hearing on the merits, the court concluded that a wholesale warehouse was not a permitted use in the district and accordingly reversed the board's decision, quashed the permit, and enjoined further site preparation or construction. The defendant appeals from the judgment and the denial of its motion to amend the findings and judgment.

In its appeal to this Court, the defendant challenges the plaintiffs' standing to maintain the appeal to the superior court, its exclusion of testimony by members of the planning commission, and its interpretation of Clarendon's zoning regulations. It also contends that the court's interpretation defeats the purposes of the Clarendon town plan. Lastly, it claims that the plaintiffs failed to make out a prima facie case because they did not show that the plan and regulations were duly adopted by the town.

■ The defendant first argues that the court should have dismissed the appeal from the zoning board of adjustment because the plaintiffs failed to allege or prove standing.

Appeals to the zoning board of adjustment from a decision of an administrative officer are governed by 24 V.S.A. § 4464(a). Appeals to the superior court from the decision of the board are controlled by 24 V.S.A. § 4471. To appeal under each section, the appellant must be an "interested person," as defined in 24 V.S.A. § 4464(b). Section 4464(b)(3) provides, "A person owning or occupying property in the immediate neighborhood of a property which is the subject of any decision or act taken under this chapter, who alleges

that the decision or act, if confirmed, will not be in accord with the policies, purposes or terms of the plan of that municipality."

The plaintiffs' standing to appeal was not challenged before the board of adjustment and was raised for the first time in the defendant's request for findings of fact. The trial court found that the plaintiffs had alleged "that the building permit would not be in accord with the Clarendon Town Plan," and it concluded that they were interested persons within the meaning of the statute.

Although the plaintiffs satisfy the property requirement of § 4464(b)(3), the defendant contends that they are not interested persons because they did not allege, or prove, that the decision, if confirmed, "will not be in accord with the policies, purposes or terms of the plan of that municipality." Necessarily, it also argues that the court's finding and conclusion that the plaintiffs were interested persons is not supported by the evidence. We do not agree. Our review of the record convinces us that the evidence is sufficient to support the court's finding and conclusion. There is no question but that the plaintiffs own property in the immediate neighborhood of the proposed facility. In addition, the plaintiffs testified on a number of occasions that they objected to the permit because a wholesale warehouse did not conform to the regulations.

The defendant argues, however, that the definition of an interested person requires literal compliance, *i.e.*, that the plaintiffs allege that the decision would not be in accord with the "policies, purposes or terms of the *plan* of that municipality." (Emphasis added.) It was not sufficient, the defendant contends, that the plaintiffs allege that the decision would not be in accord with the regulations. Again, we are not persuaded. Section 4464(b) is a matter of standing only. It is designed to limit the number of appeals, not to establish a formula for pleading. Its requirements are met if the plaintiffs demonstrate that they possess the legal and economic interests defined. In support of this view, we point to § 4473 of Chapter 117 in which the Legislature stated, "It is the purpose of this chapter to provide for review of all questions arising out of or with respect to the implementation by a municipality of

this chapter." See also *Glabach* v. *Sardelli,* 132 Vt. 490, 495, 321 A.2d 1, 4 (1974).

In this case, although the plaintiffs claimed only that the decision violated the regulations, they nonetheless fell within the purview of § 4464(b)(3). Because the regulations have the purpose of implementing the plan and are to be in accord with its policies, 24 V.S.A. § 4401, a claim that the decision is inconsistent with the regulations is also, impliedly, a claim that the decision is not in accord with the plan. The plaintiffs sufficiently established standing to appeal. Under the circumstances, any question about the wording of the allegation could easily be resolved by granting the plaintiffs' motion to amend the pleadings.

The principal issue before the court was whether a wholesale warehouse was, as the board of adjustment had previously concluded, a permitted use under § 421 of the town's zoning regulations. The defendant avers error in the court's conclusion that it was not.

A zoning regulation has the force and effect of a legislative enactment. *Murphy Motor Sales, Inc.* v. *First National Bank of St. Johnsbury,* 122 Vt. 121, 124, 165 A.2d 341, 343 (1960). In construing such regulation, the general rule applicable to the construction of statutes applies. *Id.* Where the meaning is plain, courts have the duty to enforce the enactment according to its obvious terms and there is no need for construction. *In re Lampman,* 135 Vt. 226, 228, 373 A.2d 547, 548 (1977). A zoning measure will be construed to give its words their ordinary meaning and significance. *Glabach* v. *Sardelli, supra,* 132 Vt. at 494, 321 A.2d at 4; *City of Rutland* v. *Keiffer,* 124 Vt. 357, 360, 205 A.2d 400, 402 (1964).

The relevant commercial uses permitted under § 421 are:

1. Retail store, stand, sales and sales rooms.
2. Retail service establishments.
. . . .
9. Accessory uses customarily incidental to the permitted uses.

The defendant argues that § 421 does not, by its clearly expressed language, restrict commercial use of the land to retail

sales, as the court held, and that the word "sales" in § 421(1) should be read by itself without any modifier.

■ The rule of *ejusdem generis* is frequently applied by the courts in construing an enactment. When words of a statute bearing a specific description are followed by words of more general import, the sense of the adjective first used is applied to the words that follow. The latter words are held to include only those things similar in character to those specifically defined. *Rutland Cable T.V., Inc.* v. *City of Rutland*, 122 Vt. 1, 4, 163 A.2d 117, 119 (1960). The superior court, acting under this principle, properly concluded that the word "retail" modifies all the succeeding words in the sentence. It qualified and limited the permitted uses to a specific category. The word "sales" would be sufficient by itself and the word "retail" would be meaningless surplusage in § 421(1) if "retail" did not modify each of the succeeding four words. The defendant's claim of error as to the court's use of this doctrine is without merit.

The defendant next argues that the court should have allowed members of the planning commission to testify concerning their intent in enacting § 421. It contends that such evidence is permissible where the purpose of the ordinance is not manifest on its face, and that in this case § 421 is equivocal.

■■ We cannot agree that the evidence was improperly excluded. Section 421, as construed under the principle of *ejusdem generis*, is not ambiguous. It plainly states that only *retail* stores, stands, sales, rooms and other types of sales locations are permitted in the commercial and residential district. For that reason, we need not pursue the question whether individual planning commission members should, under certain circumstances, be allowed to testify as to their understanding when they voted upon the legislation. Even assuming they had a different intent, that intent was unexpressed and may not now be permitted to overcome the clear meaning and legal effect of the regulations. It must be borne in mind that their intent was not conveyed to the inhabitants of the town, who had the right to rely in their purchase of homes, and in their affairs generally, on the measure of stabil-

ity afforded by the duly advertised and formally enacted zoning regulations. See *Dumont Lowden, Inc.* v. *Hansen,* 38 N.J. 49, 56, 183 A.2d 16, 20 (1962).

The defendant next argues that the court's interpretation of § 421 is incorrect because it conflicts with the town plan. By statute, regulations "have the purpose of implementing the plan, and shall be in accord with the policies set forth therein." 24 V.S.A. § 4401(a). One of several stated objectives of the plan is to induce "retail, wholesale and service facilities which will capitalize on the economic advantages of [the] Rutland Region." Relying on the proposition that wholesale facilities may not be placed anywhere other than in the commercial and residential district, a point not settled below, the defendant argues that, if interpreted to exclude wholesale facilities from that district, the regulations are inconsistent with the plan because they do not fully implement its dictates. We cannot agree.

Section 421(1) as construed by the court is not inconsistent with the plan. In fact, encouragement of retail facilities is an objective specifically stated by it. Furthermore, we do not concur with the defendant's claim of inconsistency by omission.

Quite simply, partial implementation of a plan is not unusual. The plan is merely an overall guide to community development. *Morelli* v. *Borough of St. Mary's,* 1 Pa. Commw. Ct. 612, 616, 275 A.2d 889, 891 (1971). It is a general guideline to the legislative body for its consideration of the municipality's land-use program and of the community's needs and desires. *George Calantoni & Sons, Inc.* v. *Board of Supervisors,* 6 Pa. Commw. Ct. 521, 526, 297 A.2d 164, 166–67 (1972). Often stated in broad, general terms, see 24 V.S.A. §§ 4382–4383, it is abstract and advisory. Zoning bylaws, on the other hand, are specific and regulatory. *Morelli, supra,* 1 Pa. Commw. Ct. at 617, 275 A.2d at 892. Zoning is properly conceived of as the partial implementation of a plan of broader scope. See Haar, *In Accordance With a Comprehensive Plan,* 68 Harv. L. Rev. 1154 (1955). It must reflect the plan, but it need not be controlled by it. See 3 R. Anderson, American Law of Zoning § 21.15 (2d ed. 1977). Although the plan may

recommend many desirable approaches to municipal development, only those provisions incorporated in the bylaws are legally enforceable.

Finally, relying on *Town of Waterford* v. *Pike Industries, Inc.*, 135 Vt. 193, 373 A.2d 528 (1977), the defendant contends that the validity of the zoning regulations is part of the plaintiff's prima facie case and that they should have procured a finding that the regulations were validly enacted. We do not agree. In *Waterford*, we held that the town, in an action to enforce a zoning ordinance, bore the burden of obtaining a finding, based on sufficient evidence, that the ordinance was valid. *Id.* at 195, 373 A.2d at 530. Although an ordinance is presumed valid, upon the introduction of evidence tending to show lack of strict compliance with statutory procedures, the presumption of validity disappears. *Id.* at 196, 373 A.2d at 530. But this case is distinguishable from *Waterford*. Here the question is not whether the defendant violated a zoning ordinance, to which the invalidity of the ordinance is a defense, but whether the defendant was properly granted a permit, which usually does not even raise the issue of validity. Indeed, at trial below, the plan, ordinance and regulations were introduced into evidence without objection. The case does not fail for lack of such a finding. Moreover, although the defendant now claims that certain evidence overcame the presumption of validity, it did not, during trial, ever declare that it questioned the validity of the regulations. Points not raised in a proceeding before the lower court cannot be considered on appeal. *Monti* v. *Town of Northfield*, 135 Vt. 97, 99, 369 A.2d 1373, 1376 (1977).

*Judgment affirmed.*