STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
        Keith and Christine Maseroni } Docket No. 31-3-99 Vtec
}
}

DECISION and ORDER

Appellants Keith and Christine Maseroni, on behalf of KAM Service, Inc., appealed from a decision of the Planning Commission of the Town of Pittsford, denying their application for site plan approval for an internally-lit sign. Appellants are represented by Robert P. McLallen, Esq.; the Town of Pittsford is represented by John Liccardi, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants own property on Main Street (Route 7) in the Village zoning district of the Town of Pittsford, on which KAM Service, Inc. (KAM) operates a car and truck service station with 24-hour towing. Other commercial uses adjacent or in the immediate area are a bakery, an antique store, and a used car dealership. A significant portion of Appellants' towing business is done at night, and they wished to erect an illuminated sign to show their availability for such 24-hour service.

In August 1998, KAM first applied for approval from the Zoning Administrator to erect a sign in connection with Appellants' business. The permit approval was conditioned upon site plan approval by the Planning Commission. On September 10, 1998, the Planning Commission denied Appellants' application for a 4' x 4' internally-lighted sign, due to the fact that it would be internally illuminated. Appellants had already ordered the sign, and they applied in October 1998 to erect it without illumination. The Zoning Administrator again approved it, as did the Planning Commission.

The Zoning Administrator observed that the sign as installed in fact was internally

1

illuminated, and issued a Notice of Violation (NOV) on November 5, 1998. KAM appealed the NOV to the Zoning Board of Adjustment, which upheld the NOV on December 14, 1998. No issues related to the NOV are before the Court in this proceeding. The period during which the sign was illuminated allowed Appellants' neighbors to form an opinion regarding the effect of the illumination on their properties.

On December 16, 1998, KAM submitted an new zoning permit application for the sign as installed, stating in the application that it would be a lighted sign. The Zoning Administrator again approved the sign subject to site plan review by the Planning Commission. It was apparent in the discussions before the Planning Commission that Appellants again sought to internally illuminate[1] the installed sign; the renewed application was accompanied by evidence from the neighbors that they would not be adversely affected by any light or glare from the sign. The Planning Commission again denied the application, due to the sign's "[e]ffect on its surroundings," and this appeal followed. There is no suggestion that the sign requires conditional use approval from the ZBA, for which its effect on the "character of the area" is a criterion.

The Pittsford Zoning Regulations regulate the size and placement of signs, but not their illumination. It is not disputed that the sign complies with the requirements for approval of signs in §3.10.1 of the Zoning Regulations. The zoning regulations do not prohibit or regulate fiberglass or plastic signs, nor do they prohibit internally illuminated signs, nor do they regulate the illumination level of signs.

In a public forum within the year prior to the application, townspeople had expressed concerns about the potential for proliferation of internally-illuminated signs in the Town, or at least within the Village zoning district. They wished to preserve the appearance of a

---

[1] In the course of these permit applications Appellants have not sought approval for external illumination for the sign. Some evidence was presented suggesting that such an application would be considered favorably, but such an alternative is not before the Court in the present application.

rural community and to minimize the appearance of strip development or 'sprawl' in the Village zoning district. However, as of the date of the application on appeal in the present case, neither the plan nor the zoning regulations had been amended to incorporate any control of internally-illuminated signs. Only those "provisions incorporated in the bylaws are legally enforceable." Kalakowski v. John A. Russell Corp. 137 Vt. 219, 226 (1979). The Town is free to amend its zoning regulations to regulate or prohibit internally-lit signs throughout the Town or in any specific district or along Route 7 or other specific streets. Until such regulations are adopted, only the requirements in the regulations may be imposed upon Appellants.

Section 4407(5) of Title 24 of the Vermont Statutes Annotated allows a planning commission in conducting site plan review to impose appropriate conditions and safeguards with respect to the adequacy of traffic access, circulation and parking; landscaping and screening; the protection of the utilization of renewable energy resources; and other matters specified in the bylaws. The Pittsford Zoning Regulations in §3.11 do not specify any "other matters;" therefore the Planning Commission, and hence this Court, is restricted to the criteria in §3.11. That section directs the Planning Commission to consider the following objectives pertinent to the light emitted from the sign:

> (b) Adequacy of circulation, parking and loading facilities. Particular consideration shall be given to the . . . effect of . . . light and glare . . . on adjoining properties. . . .

> (c) Adequacy of landscaping, screening and setbacks with regard to achieving maximum compatibility and protection to adjacent property. Particular consideration shall be given to screening incompatible areas from . . . properties in the neighborhood and the adequacy of landscaping materials to meet seasonal conditions, soil conditions and light on the site.

The internally-lit sign does not produce light or glare that affects adequacy of traffic circulation, parking or loading facilities, or traffic on the adjoining Route 7. Nor does the light from the sign affect any of the adjoining properties. The sign does not require any screening to protect adjacent property, and does not adversely affect any property in the neighborhood.[2] It therefore meets the only criteria in the zoning regulations for site plan

---

[2] An amateur astronomer living across Route 7 and about half a block away is

approval.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that site plan approval is GRANTED to Appellants for the internally-illuminated sign.

Dated at Barre, Vermont, this 28th day of February, 2000.

_____
Merideth Wright
Environmental Judge

---

affected by the light from Appellants' sign and that from other nearby commercial uses in the Village district, but only in the course of his astronomical observations, not in his ordinary residential use of his residential property. Appellants have offered to turn off the light in the sign at his request when he wishes to make such observations. This is the sort of accommodation between neighbors appropriate for specialized property uses not specifically regulated by zoning.