**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|                                        |   |                          |
|----------------------------------------|---|--------------------------|
|                                        | } |                          |
| **Randolph Town Office Zoning Appeal** | } | **Docket No. 106-6-05 Vtec** |
| **(Appeal of Rydjeski)**               | } |                          |
|                                        | } |                          |

### Decision and Order

Letita H. Rydjeski appeals from the decisions of the Town of Randolph (Town) Development Review Board (DRB) granting site plan approval and a zoning permit to Appellee-Applicant Town for the renovation and expansion of their municipal office building on 7 Summer Street in the Town's Commercial zoning district. Appellant appears and represents herself; the Town is represented by Peter M. Nowlan, Esq.; and William J. Kevan and Interested Person Leigh R. Wright appeared and represent themselves.

This appeal is on-the-record, since the Town has adopted and implemented the procedures necessary for such appeals, pursuant to 24 V.S.A. §§ 4471 and 4472. Mr. Wright and the Town have filed briefs on the merits of this appeal for the Court's consideration. William J. Kevan has also filed a motion to intervene, pursuant to 10 V.S.A. § 8504(n). Appellant and Mr. Kevan also filed a "Motion for de Novo Proceedings," asserting that a trial de novo is warranted because the tape recording of the hearings was allegedly inaudible and was not transcribed.

### I.    Summary Issues

Appellant's Statement of Questions raises a variety of issues in seven questions, almost all of which are not appropriate for our consideration in this permit appeal proceeding. Appellant's first Question, labeled Question A, asks, "Why is the proposed addition now placed over an existing VCP sewer?" Appellant neither cites nor refers to any provisions in the Town's Zoning or Subdivision Regulations prohibiting the

placement of the proposed addition over an existing sewer.  Moreover, Appellant never expresses concern about the sewer in her letters or responsive motions to the Court.  In the absence of any specific reference to a bylaw or regulatory provision being violated by building the proposed addition on top of a municipal sewer, and being unable to find such provision ourselves, the Court declines to answer that question, and it is hereby **DISMISSED**.

Appellant's second Question, actually labeled Question 1, concerns why the Town presented different plans to the DRB for the proposed addition to the municipal office building than were presented to the public at a November 2, 2004 bond issue vote for the same addition.  Similarly, Appellant's fourth Question, labeled Question 3, also concerns a change in plans from those presented at the time of a municipal bond issue vote.  While we sympathize with Appellant's position, we cannot address this specific concern because our review of the DRB's decision in this on-the-record appeal is limited to the application presented to the DRB below.  We cannot address matters beyond the Town's current plans and applications, as presented to the DRB.

This Court does not have jurisdiction to review decisions of a Town Selectboard or issues of public indebtedness arising under Chapter 53 of Title 24 relating to the impropriety of a bond issue, a vote on a particular bond issue, or on the plans submitted pursuant to a bond issue vote.  Our jurisdiction is limited to certain appeals, as articulated in 4 V.S.A. § 1001 (2005):

> 10 V.S.A. Chapters 201 and 220 and matters arising under 24 V.S.A. Chapters 201 and 220 and matters arising under 24 V.SA. Chapter 117 and Chapter 61, subchapter 12.  In addition, the judges shall have original jurisdiction to revoke permits under 10 V.S.A. Chapter 151.

Appellant's allegations relating to the impropriety of the Town's bond issue for improvements to the municipal offices are therefore not within this Court's jurisdiction.

Appellant's remaining questions for our review, Questions 2, 4, 5, and 6, concern the Town's planned removal of a flowering crab apple tree located to the south of the existing municipal office building in the middle of green space adjacent to the existing municipal offices. The crab apple tree is labeled on the Town's site plan as "existing 20" apple" tree and is considered a public shade tree under the control of the Town's tree warden. See 24 V.S.A. § 2502.

Although the Randolph tree warden also happens to be the Town Zoning Administrator, the Legislature has limited our jurisdiction to those provisions of the Vermont Statutes Annotated enumerated in 4 V.S.A. § 1001. Decisions of tree wardens are not reviewable in this Court, as they arise under Chapter 67 of Title 24. Appellant may find the relief she seeks in Superior Court. However, we cannot make an advisory statement as to whether an action in Superior Court will succeed or even be heard. Accordingly, we have no jurisdiction over Appellant's remaining Questions, relating to the crab apple tree, specifically Questions 2, 4, 5, and 6.

## II.    Kevan Intervention Request

Before reviewing the Town's decision on the proposed municipal office building addition, we must first address Mr. Kevan's motion to intervene under 10 V.S.A. § 8504(n). Section 8504(n) sets out six instances when it is permissible for a person to intervene. As we have already ruled in our July 15, 2005 Entry Order, Mr. Kevan does not meet sub-sections 1, 2, or 5, as he did not appear in the action appealed from, is not a party of right under 10 V.S.A. § 8502(5), and does not qualify as an interested person under 24 V.S.A. § 4465. Subsection 3 and 4 are similarly inapplicable because Mr. Kevan is not a member of the natural resources board or a panel of that board, nor is he a "person aggrieved" under 10 V.S.A. § 8502(7) because this is not an appeal of an act or decision by a district commission or coordinator, the secretary of the Agency of Natural Resources, the environmental court, or the supreme court.

The only possible avenue for allowing Mr. Kevan to intervene in this proceeding is whether he would be allowed to intervene under the standards established by the Vermont Rules of Civil Procedure (V.R.C.P.). 10 V.S.A. § 8504(n)(6). V.R.C.P. 24 allows a party to intervene when a statute confers an unconditional right to intervene, which is not the case here, or when the potential intervener can demonstrate an interest relating to the property which is the subject of this action and where the disposition of the action may as a practical matter impair or impede the potential intervener's ability to protect that interest, unless the potential intervener's interest is adequately represented by existing parties. V.R.C.P. 24(a).

Mr. Kevan's interest related to property at issue in this appeal is a mortgage interest in the property of Russell Royce at 13 Summer Street. Mr. Royce is the record title holder of that property, but Mr. Kevan holds a mortgage interest. In Town of Sandgate v. Colehamer, 156 Vt. 77, 81-83 (1990), our Supreme Court held that the interest of a possessor of property who made mortgage payments on that property on behalf of the titleholder was an insufficient interest for standing to appeal a zoning decision under 24 V.S.A. § 4464(b) (now § 4465). We find the Court's reasoning instructive and find that Mr. Kevan cannot intervene under V.R.C.P. 24(a) and 10 V.S.A. § 8504(n)(6) because any disposition relating to the Town's expansion of their municipal office building will not directly affect Mr. Kevan's mortgage interest in the property at 13 Summer Street. Moreover, Mr. Kevan's interests are already adequately represented by Appellant who lives at 6 Summer Street, which is closer to the Town's municipal office than the property in which Mr. Kevan holds a mortgage interest. Mr. Kevan's motion to intervene under 10 V.S.A. § 8504(n) is hereby **DENIED**.

### III.    Factual Background

In an on-the-record appeal, the factual findings of the administrative body below are given great weight, although they are not conclusive. This Court must determine if

substantial evidence exists in the record as a whole from which the factual findings of the DRB might reasonably be inferred. See In re Town of Sherburne, 154 Vt. 596, 604-05 (1990); Appeal of Lussier and No., Docket No. 116-5-02 Vtec (Vt. Envtl. Ct., Sept. 16, 2002). If there is conflicting evidence, the DRB is the body charged with weighing this evidence. Appeal of Doyle, Docket No. 100-5-02 Vtec (Vt. Envtl. Ct., Jan. 21, 2003). This Court will not disturb factual findings rendered by an appropriate municipal panel if supported by substantial evidence in the record as a whole. Id.

Upon consideration of the record and the parties' memoranda, the Court determines that the following DRB factual findings are supported by substantial evidence in the record.[*]

1.      On March 30, 2005, the Town submitted a substantially complete zoning permit and site plan approval application to the DRB for an expansion of the Town's municipal offices on their 19,403 square-foot lot located at 7 Summer Street. Municipal office buildings are a conditional use in the Commercial District, see Zoning Regulations, at 37 (Chart of Permitted and Conditional Uses), but because the Town's proposal is an expansion of an existing use, conditional use approval is not required.

2.      The Town proposes constructing a 3,207 square-foot addition southerly of the existing 2,170 square-foot municipal office building. The new building would thus have a total footprint of 5,377 square feet, which leads to a lot coverage of approximately 28%. The DRB sets the maximum lot coverage during site plan review.

3.      The DRB sets the front, side, and rear setback requirements for the Commercial District during site plan review. Zoning Regulations § 6.7.2. The shortest setbacks for the municipal office building are 22 feet between the front of the building and Summer Street and between the municipal office building and the post office property to the south.

_____

[*] Appellant's challenge to the adequacy of the record is discussed in more detail below, in conjunction with our consideration of Appellant's motion for a de novo hearing.

4.      Off-street parking for the municipal office building is sufficient.  One off-street parking space is required for every 250 square feet of gross floor area, Zoning Regulations § 5.14.3.  The proposed municipal building has a gross floor area of 7,447 square feet, so thirty off street spaces are required.  The adjacent parking lot contains a total of seventy-four parking spaces.  The only change proposed for that parking lot is a relocation of the handicapped spaces so that they are closer to the proposed pedestrian access to comply with the Americans with Disabilities Act.

5.      The area surrounding the proposed municipal office expansion consists of densely mixed residential and commercial uses, which will be mostly unaffected by the Town's proposed addition.  To the extent that the proposed expansion will result in a reduction in lighting and decreased safety on Summer Street, the Town proposes mitigating the loss of lighting by adding replacement lighting to bring street lighting to a level equal or greater than what currently exists.  To the extent that the municipal office expansion results in the loss of green space and a crab apple tree, the Town will plant new crab apple trees along the southern side of the building and new hackberry trees along Summer Street.

## IV.     Discussion

Appellant has not adequately contested the DRB's decision by raising proper questions for review in her Statement of Questions, but she does raise judiciable issues in her responses to the Town's motion for judgment that we will address here for the sake of fairness to Appellant and Interested Person Wright.  First, Appellant alleges that the DRB violated the procedural requirements of the Municipal Administrative Procedure Act, 24 V.S.A. §§ 1201–10 (2005), because no transcript was provided and because the recording of the DRB's hearings on the Town's application is inaudible.  She further argues that there are not sufficient facts in the record to support a finding that the Town's proposed municipal office expansion is "of such a location and in such

size and character that it will be in harmony with the appropriate and orderly development of the surrounding area." Zoning Regulations § 4.1(b). Lastly, Appellant argues that the Town's application is not in conformance with numerous statements of the Town Plan.

Appellant argues that language in Town Plan suggesting public involvement in reviewing the municipal building committee's recommendations on the municipal office building expansion was not followed. Appellant's allegations may have merit in that the Town's building committee may not have consulted the public; however, hortatory provisions in a Town Plan such as these have no regulatory effect unless specifically incorporated in the Town's Zoning Regulations. Appeal of Waters, Docket No. 186-10-03 Vtec, slip op. at 7 (Vt. Envtl. Ct., Mar. 17, 2004). As our Supreme Court has stated, "Although the plan may recommend many desirable approaches to municipal development, only those provisions incorporated in the bylaws are legally enforceable." Kalakowski v. John A. Russell Corp., 137 Vt. 219, 225-26 (1979). This Plan statement was not incorporated into the Zoning Regulations. Thus, the Town's building committee is not required to consult with the public before pursuing changes to the municipal office building.

Appellant also argues that the Town has not developed an "adequate record" in accordance with 24 V.S.A. § 4471(b) and the Municipal Administrative Procedure Act because the recording of the DRB proceedings below are inaudible and could not be transcribed. MAPA requires that the proceedings below be recorded and also requires that "[t]ranscriptions of the proceedings of contested hearings shall be made upon the request [of] and upon payment of the reasonable costs of transcription by any party." 24 V.S.A. § 1209 (emphasis added). Thus, the MAPA requires municipal hearings to be recorded and that recording must be of a high enough quality to be capable of being transcribed. See Appeal of Walters, Docket No. 206-11-03 Vtec, slip op. at 2-3 (Vt. Envtl. Ct., Oct. 8, 2004).

In the instant case, the DRB recorded the hearing on audio cassette. Contrary to Appellant's suggestion, after listening to the recording of the DRB hearing of April 26, 2005, submitted on August 10, 2005, the Court finds the recording to be clearly audible, capable of being transcribed, and in compliance with the provision of the Municipal Administrative Procedure Act requiring the hearing "to be recorded." 24 V.S.A. § 1205(c). There is no requirement that the DRB's hearings be transcribed in the absence of a request and subsequent payment of the costs of the transcription. 24 V.S.A. § 1209(f). Appellant's motion for a <u>de novo</u> hearing is therefore **DENIED**.

Finally, Appellant argues that there is insufficient evidence in the record to support a finding consistent with Zoning Regulations § 4.1(b) that the proposed development is "of such a location and in such size and character that it will be in harmony with the appropriate and orderly development of the surrounding area." As stated above, this Court will not disturb factual findings rendered by an appropriate municipal panel if supported by substantial evidence in the record as a whole. <u>Appeal of Doyle</u>, Docket No. 100-5-02 Vtec.

The DRB found in its Notice of Decision that the character of the area surrounding the municipal office building is "dense mixture" of residential and commercial uses. Finding of Fact 12. The adjacent property to the south contains the Town's post office. Finding of Fact 14. Submissions in the record indicate that other surrounding properties include office, residential, commercial, and church uses. Additional Information for Site Plan Review, at 2.

According to the submitted Floor Plan, the Town's proposed addition is a one-story addition with a basement. The Exterior Elevation Plan submitted also indicates that the proposed expansion incorporates the design of the existing municipal office building with the addition of a clock tower and complies with handicapped accessibility requirements, Finding of Fact 1. The Town proposes adding replacement lighting to mitigate the impact of lighting lost by construction of the addition. Finding of Fact 15.

The Town also proposes to screen the unsightly dumpster on all four sides. Finding of Fact 11.

From our review of the record and the Town's Notice of Decision, we find substantial evidence in the record from which the Town could conclude that the proposed expansion of the existing municipal office building is in such a location and of such a size to be in harmony with the appropriate and orderly development of the surrounding area. Zoning Regulations § 4.1(b).

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the decisions of the Town of Randolph Development Review Board granting site plan review approval and a zoning permit for the Town's proposed expansion of their municipal office building at 7 Summer Street is **AFFIRMED**, as the DRB decisions are supported by substantial evidence in the record as a whole. Appellant's motion for a <u>de novo</u> hearing and Mr. Kevan's motion to intervene are **DENIED**. Because the remaining questions in Appellant's Statement of Questions raise issues not appropriate for this Court's consideration, they are dismissed from this appeal. The consequence of all these decisions is that no questions remain outstanding. This appeal is therefore concluded.

Done at Berlin, Vermont, this 30th day of March, 2006.

_____

Thomas S. Durkin, Environmental Judge