STATE OF VERMONT

## SUPERIOR COURT—ENVIRONMENTAL DIVISION

|                   |   |                          |
|-------------------|---|--------------------------|
| In re Fowler NOV  | } | Docket No. 159-10-11 Vtec |

### Decision on Motion for Partial Summary Judgment

James Fowler ("Appellant") has appealed a decision by the Town of Richford Development Review Board ("the DRB") upholding the issuance of a Notice of Violation ("NOV") to him by the Town of Richford Zoning Administrator. Pending before the Court is Appellant's motion for partial summary judgment to dismiss twelve interested persons—Jay Bochner, Pen Bridgeman, Brian Farrar, John Osborne, Alison Osborne, Robert Fretz, Charlotte Rosshandler, Jeffrey Goyne, Brian Bonk, Kitten Ellison, John Bridgman, and Luke Parsons—and the Town of Richford ("the Town") from this appeal.

The twelve named interested persons oppose the pending motion but no other party has made a responsive filing. The twelve named interested persons, in addition to six others whose status as interested persons is not challenged by the pending motion—Kathleen Ross, Richard Ross, Norris Kyle, Helen Kyle, Sally Bochner, and Lilias-Mary Paddon—are represented by Gerald R. Tarrant, Esq. in this appeal. Appellant is represented by Annie Dwight, Esq.; the Town is represented by Michael S. Gawne, Esq.; and an additional interested person, Charles Hotchkin, appears pro se.

### Background Facts

For the sole purpose of putting the pending motion into context, the Court recites the following material facts, which it understands to be undisputed unless otherwise noted:

1. On July 12, 2011, the Town of Richford Zoning Administrator issued a NOV to Appellant concerning the motocross activities he was conducting on his property at 486 Wightman Hill Road in the Town of Richford, Vermont.

2. The larger immediate area in which Appellant's property lies is a valley, although Appellant and the named interested persons disagree as to the shape of the valley and whether the sound generated on Appellant's property carries throughout the area.

3. Appellant appealed the issuance of the NOV to the DRB.

4. On July 30, 2011, a number of individuals submitted a petition to the DRB expressing concern over the noise generated from Appellant riding his motocross bike and over the

possibility of a motocross trail, asserting that the area where Appellant rides is zoned principally for agriculture use and that it should be maintained for such use, and seeking a decision from the DRB that would prohibit Appellant from riding his motocross bike.

5. The petition included signature pages with signatures from fifteen individuals, including Pen Bridgeman, John Osborne, Alison Osborne, Robert Fretz, Charlotte Rosshandler, Jeffrey Goyne, Kitten Ellison, John Bridgman, and Luke Parsons.

6. Eight of the fifteen individuals who signed the petition—including John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, and Robert Fretz—are property owners in the Town of Richford. It is unknown whether the remaining seven signatories—including Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons—are either property owners or voters in the Town, or are both.

7. Commencing on August 9, 2011 and concluding on September 20, 2011, the DRB held a four-day public hearing to consider Appellant's NOV.

8. On February 1, 2012, the individuals who had previously submitted their petition to the DRB submitted an "extension" of the petition to the DRB. (Opp'n to Appellant's Mot. for Partial Summ. J. as to Interested Person Status, Ex. 3, filed Mar. 7, 2012.) The new extended petition included the original petition and signature pages plus a new cover page and an additional page with signatures from Jay Bochner (dated January 19, 2010), Brian Farrar (dated January 20, 2012), and Brian Bonk (dated January 20, 2012).

9. In a decision dated October 3, 2011, the DRB ultimately upheld the issuance of the NOV. Appellant appealed the DRB's decision to this Court and completed the last service of his notice of appearance on November 10, 2011.

10. Six interested persons—Jay Bochner, Pen Bridgeman, Brian Farrar, John Osborne, Alison Osborne, and Robert Fretz—entered notices of appearance with the Court in this appeal between the inclusive dates of December 7, 2011, and February 6, 2012, or between 7 to 68 days after November 30, 2011. The Town entered its notice of appearance with the Court on January 13, 2012, or 44 days after November 30, 2011.

11. Appellant filed a motion for partial summary judgment seeking the dismissal of twelve interested persons and the Town from this appeal.

### Discussion

Appellant has appealed a decision by the DRB upholding the issuance of a NOV to him by the Town of Richford Zoning Administrator. Pending before the Court is Appellant's

motion for partial summary judgment to dismiss twelve interested persons—Jay Bochner, Pen Bridgeman, Brian Farrar, John Osborne, Alison Osborne, Robert Fretz, Charlotte Rosshandler, Jeffrey Goyne, Brian Bonk, Kitten Ellison, John Bridgman, and Luke Parsons—and the Town from the appeal.

In order to grant a moving party (here, Appellant) partial summary judgment, the party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). The Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and to give the non-moving party (here, the named interested persons and the Town) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c). If the moving party is seeking judgment regarding an issue for which the party will not bear the burden in proof at trial, it need only show that the opposing party has not or cannot cite to admissible evidence supporting material facts necessary for the non-moving party to prevail on that issue at trial. V.R.C.P. 56(c)(1)(b), (2); see also Reporter's Notes—2012 Amendment, V.R.C.P. 56.

Appellant argues first that the Court should dismiss from this matter six interested persons and the Town for failing to enter a timely appearance. Appellant argues second that these same interested persons, plus six others, (for a total of twelve) should be dismissed because they do not meet the statutory qualifications to appear as interested persons in Appellant's appeal. We address each of these arguments in turn.

## I. Whether the Six Named Interested Persons Entered a Timely Appearance

Appellant's first argument is that six interested persons—Jay Bochner, Pen Bridgeman, Brian Farrar, John Osborne, Alison Osborne, and Robert Fretz—should be dismissed from this appeal because they neither filed a timely notice of appearance nor a timely motion to intervene.

Appellant alleges that the last service of his notice of appeal was completed on November 10, 2011 so the six individuals were required to appear by November 30, 2011. He asserts that the individuals' notices were filed from 7 to 68 days late (or, between the inclusive dates of December 7, 2011 and February 6, 2012). Appellant also argues that the individuals did not request more time to make such filings. Appellant claims that they are prejudiced by these interested persons' late appearances because the discovery schedule had already been set,

settlement discussions had already occurred, and four of the individuals filed their notices only nine days before the stipulated-to deadline for filing motions regarding party status.

Legal counsel for the twelve individuals whose status as interested persons is being challenged by Appellant ("Counsel") does not dispute Appellant's assertion that the appearances of the six named individuals were 7 to 68 days late. Instead, Counsel responds that the six individuals were not represented at the time that they entered their late appearances and many were difficult to reach during the December and January holiday seasons. Counsel argues that, as pro se litigants, the individuals should not be dismissed for failing to strictly comply with the timeline to appear as interested persons in this appeal. Counsel also argues that they entered their appearances at what was an early stage of this appeal, so no prejudice befell Appellant.

Rule 5(c) of the Vermont Rules for Environmental Court Proceedings requires a party who wishes to participate in the appeal of another to file a notice of appearance within 20 days of the date on which the party receives a notice of the appeal, unless Rule 5(c) identifies the party as having additional time to appear. Parties subject to the 20-day deadline must file a "timely motion to intervene" if they miss the deadline. V.R.E.C.P. 5(c).

Because the late appearance by a non-appealing party appearing in the appeal of another does not threaten the Court's jurisdiction over the appeal itself, we have discretion to allow appearances by interested persons who do not strictly comply with Rule 5(c). See V.R.E.C.P. 5(b) ("Failure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate . . . ."); In re Clark NOV Appeal, Docket No. 16-1-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Oct. 5, 2006) (Durkin, J.) (allowing parties who filed three-months-late notices of appearance and no motions to intervene to nonetheless participate in the proceeding in order to "allow for a full adjudication" of the merits). Such parties do, however, bear the burden of demonstrating to the Court that they meet the statutory qualifications to appear in the appeal of another. See V.R.E.C.P. 5(d)(2) (establishing that the receipt of a motion to dismiss a party or a motion by a party to intervene triggers the Court's review of that party's ability to appear in the appeal of another); 10 V.S.A. § 8604(n) (identifying multiple types of parties who have a right to appear in the appeal of another from a municipal panel's decision).

We cannot identify any material prejudice to Appellant in these circumstances. The parties agree that the six individuals named by Appellant entered their appearances 7 to 68

4

days late and did not file motions to intervene. However, Appellant received notice of the individuals' desire to appear, at most, a little over two months after appearances should have been filed. Although informal settlement discussions may have begun prior to the appearance of these six individuals, formal mediation was not scheduled to occur until April, approximately two months <u>after</u> the last of the six individuals submitted a notice of appearance. We have not been made aware of any significant progress or momentum towards an overall settlement prior to the time these individuals entered their appearances.

Further, had the six named individuals filed motions to intervene in lieu of their notices of appearance, such filings would have been "timely" in these circumstances. V.R.E.C.P. 5(c). Thus, we conclude that, under these circumstances, the six individuals named by Appellant should not be dismissed from his appeal for failure to file a timely notice of appearance or a timely motion to intervene. We consider whether these parties have demonstrated to the Court that they meet the statutory qualifications to appear as interested persons in Appellant's appeal in Section III below.

## II.    <u>Whether the Town Entered a Timely Appearance</u>

Appellant also argues that the Town should be dismissed from this appeal because it neither filed a timely notice of appearance nor timely motion to intervene. Appellant alleges that the Town filed its notice of appearance 44 days late, on January 13, 2012, and that this late filing prejudiced Appellant because the Town did not participate in developing the discovery schedule or participate in the prior settlement discussions. The Town has not responded to Appellant's motion, but the record reflects that the Town did enter its notice of appearance on January 13, 2012.

V.R.E.C.P. 5(c) grants an exception to the 20-day deadline for filing a notice of appearance in another's appeal to the municipality in which "the project site is located." 10 V.S.A. § 8502(4)(C); see also 24 V.S.A. § 8504(n)(2). Such parties have more than 20 days—they need only "file and serve an appearance in a timely fashion." V.R.E.C.P. 5(c).

Appellant does not dispute that the Town is entitled to take advantage of the exception to the 20-day filing deadline as the municipality in which Appellant has conducted the activities for which he has been issued a NOV. Instead, Appellant asks us to dismiss the Town for taking an additional 24 days to file its notice of appearance. We conclude that the Town filing its notice of appearance 44 days after receiving the notice of the appeal in this matter does not constitute an untimely filing. Nothing in the circumstances presented here leads us to conclude

5

that the Town's delay in filing a notice of appearance caused Appellant to suffer an unfair disadvantage: as indicated above, formal mediation was not scheduled to occur until April, approximately three months after the Town's appearance, and there has been no evidence presented of substantive disadvantages to Appellant actually occurring.

We conclude that the Town's appearance was not untimely filed and, thus, that the Town should not be dismissed from this appeal.

### III.     Whether the Twelve Named Interested Persons Qualify to Appear

Appellant's final request is that we dismiss a total of twelve interested persons—all of the above-named interested persons, plus Charlotte Rosshandler, Jeffrey Goyne, Brian Bonk, Kitten Ellison, John Bridgman, and Luke Parsons—because they do not meet the statutory qualifications to appear as interested persons in Appellant's appeal.

Before detailing the specific arguments of the parties, we note that our discussion is slightly complicated by the existence of two distinct, but related, meanings for the term "interested person": the term serves both as a generic reference to any non-appealing party qualified to appear in the appeal of another from a municipal panel's decision, as well as a statutory term of art referencing a specific category of parties who are so qualified. See 10 V.S.A. § 8504(n) (identifying multiple types of parties who have a right to appear in the appeal of another from a municipal panel's decision, including any person who "qualifies as an 'interested person,' as established in 24 V.S.A. § 4465"). We clarify that the discussion in Section I above concerned the use of the term in the generic sense, while Appellant's arguments here concern the statutory term of art defined in 24 V.S.A. § 4465(b).

Four distinct categories of parties constitute the definition 24 V.S.A. § 4465(b) gives to "interested person[s]." Appellant argues that none of the twelve individuals he names submitted a petition to the DRB adequate to qualify them as interested persons under the fourth category, 24 V.S.A. § 4465(b)(4). In addition, Appellant argues that eleven of these individuals also fail to qualify under the third category, 24 V.S.A. § 4465(b)(3), because they neither live in the immediate neighborhood of Appellant's property nor can demonstrate an impact on their interests related to the noise provision under which Appellant received a NOV. Counsel for the twelve named interested persons responds that all twelve of the individuals Appellant is seeking to dismiss with its motion signed a petition adequate to qualify them as interested persons in this appeal. Counsel also argues that eight of the individuals do live within close

6

proximity of the Appellant's property and can demonstrate an impact on their interests related to noise.

### A. 24 V.S.A. § 4465(b)(4)

We first examine whether any of the twelve named individuals qualify to appear in this appeal under the fourth category of interested persons:

> Any ten persons who may be any combination of voters or real property owners within a municipality listed in subdivision (2) of this subsection who, by signed petition to the appropriate municipal panel of a municipality, the plan or a bylaw of which is at issue in any appeal brought under this title, allege that any relief requested by a person under this title, if granted, will not be accord with the policies, purposes, or terms of the plan or bylaw of that municipality. This petition to the appropriate municipal panel must designate one person to serve as the representative of the petitioners regarding all maters related to the appeal.

24 V.S.A. § 4465(b)(4). This category grants the group of ten or more petitioners, as a whole, the status of an interested person, rather than the individual petitioners, so long as the membership does not fall below ten. See In re Brandon Plaza Conditional Use Application, No. 128-8-10, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 5, 2011) (Wright, J.). Our Supreme Court has interpreted this provision to require that the petitions be submitted to the municipal panel before the panel renders its final decision in a matter. In re Albert, 2008 VT 30, ¶ 11, 183 Vt. 637 (mem.). Thus, parties signing and submitting such petitions after a municipal panel renders a final decision cannot rely on § 4465(b)(4) to qualify as part of a group entitled to interested person status. See id. ¶¶ 2, 16.

Not fatal to a petition's validity, however, is the failure of a petition to quote the statute's language when alleging that the relief sought by a party with opposing interests "will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b)(4); see Kalakowski v. John A. Russell Corp., 137 Vt. 219, 222 (1979) (explaining that the requirements for qualifying as an interested person, including the requirement to allege non-conformance, are "a matter of standing only" and "designed to limit the number of appeals, not to establish a formula for pleading"). The requirements of 24 V.S.A. § 4465(b)(4) must be read with the understanding that "[i]t is the purpose of [24 V.S.A., Chapter 117] to provide for review of all questions arising out of or with respect to the implementation of a municipality of this chapter."). 24 V.S.A. § 4473. Also not fatal to a petition's validity is the failure of a petition to identify a representative for the group. See Brandon Plaza Conditional Use Application, No. 128-8-10 Vtec, slip op. at 6–7; Kalakowski, 137 Vt. at 222 (1979).

7

As stated above, Appellant questions the adequacy of the petition. Specifically, Appellant argues that 1) the signatures of Jay Bochner, Brian Farrar, and Brian Bonk were collected too late to provide them with the ability to appear in this appeal; 2) the petition does not allege that the relief sought by Appellant "will not be in accord with the policies, purposes, or terms of the plan or bylaw" of the Town; 3) the petition does not indicate its purpose to the signatories; and 4) the petition does not designate a representative.

It is undisputed that the DRB rendered its decision on October 3, 2011 upholding the NOV issued to Appellant. Counsel for the twelve named individuals supplied the Court with a copy of the original petition that the individuals allegedly submitted to the DRB on July 30, 2011. The original petition includes signature pages with signatures from fifteen interested persons who have appeared in this appeal, including nine of the twelve named individuals (all but Jay Bochner, Brian Farrar, and Brian Bonk). (Opp'n to Appellant's Mot. for Partial Summ. J. as to Interested Person Status, Ex. 2, filed Mar. 7, 2012.) Counsel also supplied the Court with a copy of the "extension" of the petition that has a cover page indicating that it was given to the DRB and this Court on February 1, 2012. (Id., Ex. 3, filed Mar. 7, 2012.) The extension includes the original signature pages plus an additional page with signatures from Jay Bochner (dated January 19, 2010), Brian Farrar (dated January 20, 2012), and Brian Bonk (dated January 20, 2012). Id.

As to Appellant's first argument, he is correct that the signatures of Jay Bochner, Brian Farrar, and Brian Bonk are too late to afford them the right to appear as part of a group entitled to interested person status under 24 V.S.A. § 4465(b)(4). All three of these individuals signed the petition after the DRB rendered its decision, which, as discussed in Albert, is not the type of petitioning for which § 4465(b)(4) is intended to provide. 2008 VT 30, ¶ 11 (indicating that the provision for a petition by area landowners was meant to provide the municipal panel with the ability to act based on the petition). Thus, in order for these three individuals to appear in this appeal, they must show that they qualify under the third category of interested persons, a question we take up below in subsection B.[1]

---

[1] Although Counsel for Jay Bochner states that Mr. Bochner believed that the signature of his wife, Sally Bochner, gave him interested person status as her husband and as a joint property owner, the Court does not treat married individuals as a single party or assume they have the same interests. As Appellant has not challenged Sally Bochner's status as an interested person in this appeal, she remains an interested person in this appeal and has all of the rights associated with such status.

The failure of Jay Bochner, Brian Farrar, and Brian Bonk to properly sign the petition does not make the petition invalid for the remaining nine signatories whose status as interested persons is being challenged, however, because the petition was signed by six other individuals who are represented in this appeal by the same Counsel and whose signatures were collected and submitted to the DRB prior to the DRB's decision. Thus, these fifteen individuals constitute a group of ten or more, a requirement in 24 V.S.A. § 4465(b)(4). What remains unclear, however, from the face of the petition, is whether these fifteen individuals are voters or real property owners, which is another requirement in this statutory provision.

Appellant does not argue that the fifteen timely signatures are not from voters or real property owners, but the burden to make this showing, nonetheless, lies with the individuals asserting the right to appear as part of a group in this appeal. We do not conclude that the petition's oversight is fatal. Instead, we look to the affidavits submitted by the individuals to determine whether this qualification is met.

Eight of the fifteen individuals, through affidavits, represent that they are property owners in the Town of Richford. These individuals include five of the individuals whose status is being challenged by Appellant: John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, and Robert Fretz. Counsel for these individuals has also submitted unsworn statements from two other individuals asserting that they are also property owners in the Town of Richford (Alison and John Osborne). Susan Low-Beer Parsons has submitted an affidavit indicating that she is a property owner in the Town of Richford and claims that Luke Parsons has appeared on her behalf in this appeal.

Unsigned statements are not affidavits, and we cannot rely on them. See V.R.C.P. 11(a). Thus we cannot consider Alison and John Osborne's unsigned statements. Additionally, although the affidavit from Susan Low-Beer Parsons indicates that she is a property owner in the Town of Richford, she did not, herself, sign the petition or file a notice to appear in this case. Her son, Luke Parsons, however, did enter an appearance as an interested person and signed the petition in a timely manner. Luke Parsons cannot appear on behalf of his mother; he can only represent his own interests. Thus, we clarify that Susan Low-Beer Parsons is not a party in this appeal and note that we lack information as to whether Luke Parsons is a voter or property owner in the Town.

Without additional affidavits we cannot conclude that any of the nine individuals named by Appellant who signed the petition in a timely manner—John Bridgeman, Pen

9

Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons—qualify as part of a group entitled to interested person status under 24 V.S.A. § 4465(b)(4) because it is unclear if ten voters or property owners signed the petition. Rather than ending our analysis here, however, we provide an additional **fifteen days** after the issuance of this Decision to those individuals whose ability to appear in this appeal is challenged by Appellant's motion and who signed the petition to the DRB in a timely manner— Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons—in order for them to provide individual affidavits indicating whether each is either a voter or property owner in the Town.[2]

Appellant also raises three other challenges to the petition's validity, which we address now. First, Appellant argues that the petition does not allege that the relief sought by Appellant "will not be in accord with the policies, purposes, or terms of the plan or bylaw." 24 V.S.A. § 4465(b)(4). Second, Appellant argues that the petition does not indicate its purpose to the signatories because it does not refer to the Appellant's appeal of the NOV he was issued, the matter that was before the DRB. Third, Appellant argues that the petition does not designate a representative. All of these arguments speak to deficiencies in the petition that are not fatal to its validity.

While Appellant is correct that the petition does not explicitly recite the language in the statute concerning non-conformance with the Town plan or bylaws, the petition includes statements expressing the petitioners' concerns that Appellant's motocross activities are not in conformance with the Town's zoning bylaws. The appeal before us concerns the issuance of a NOV against Appellant for violating a noise provision in the Town of Richford Zoning Bylaws ("Bylaws") while riding a motocross bike on his property. The petition submitted to the DRB expresses concern over the noise generated from Appellant riding his motocross bike and over the possibility of a motocross trail, asserts that the area where Appellant rides is zoned principally for agricultural use and that it should be maintained for such use, and seeks a decision from the DRB that would prohibit Appellant from riding his motocross bike on his property in a manner that constitutes a violation of the Bylaws.

As explained in Kalakowski, 24 V.S.A. § 4465(b)(4) does not "establish a formula for pleading." 137 Vt. at 222. In In re Cingular Wireless (Appeal of Newton, et. al.), we concluded

---

[2] In a letter filed with the Court on March 7, 2012, Counsel for John Osborne, Alison Osborne, and Kitten Ellison indicated that official affidavits would be submitted to the Court shortly thereafter, but the Court had not received these documents as of the date this Decision was issued.

that a petition that did not recite the statutory language concerning non-conformance nonetheless satisfied the statutory requirement because the petitioners clearly expressed that they were concerned about the project's compliance with the applicable municipal bylaws. No. 162-7-08, slip op. at 9–10 (Vt. Envtl. Ct. Dec. 30, 2009) (Durkin, J.). We conclude that the petition here is no different. It speaks to the actions of Appellant for which Appellant was cited as well as the issue (noise) addressed in the regulatory provision under which Appellant was cited and, via this appeal, with which Appellant asks this Court to find he is in conformance. We conclude that the petition effectively asserts that the relief sought by Appellant "will not be in accord with the policies, purposes, or terms of the plan or bylaw." 24 V.S.A. § 4465(b)(4). We further conclude that these same statements convey to the signatories the purpose the petition serves in the matter before the DRB. To dissect the petition to the extent that Appellant requests would go beyond the jurisdictional purpose the petition serves. See Kalakowski, 137 Vt. at 222.

Addressing Appellant's final argument, Appellant is also correct that the petition does not designate a representative. As we have previously established, however, this deficiency does not invalidate a petition because it does not speak to our jurisdiction. See Brandon Plaza Conditional Use Application, No. 128-8-10 Vtec, slip op. at 6–7. A group of ten or more individuals qualifying for interested person status under 24 V.S.A. § 4465(b)(4) must designate a representative, but the failure to include such designation in a petition does not warrant their dismissal. See V.R.E.C.P. 5(b) ("Failure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate . . . ."). Here, the named individuals designated their attorney as their representative when he entered an appearance on their behalf to this Court. Thus, we conclude that this requirement in 24 V.S.A. § 4465(b)(4) is met.

While we have addressed all of Appellant's arguments, as we stated above, we cannot conclude in this decision that any of the nine individuals named by Appellant who signed the petition in a timely manner—John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons— satisfy the requirements under 24 V.S.A. § 4465(b)(4) to be part of a group entitled to interested person status. In order to reach such a conclusion we need additional affidavits addressing the status of the following individuals as either voters or property owners in the Town: Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons. Thus, we provide these four individuals with an additional **fifteen days** after the issuance of this Decision to submit such

11

affidavits. After the fifteen days is up, we will render a final decision on whether the nine individuals are entitled to participate in this appeal.

### B. 24 V.S.A. § 4465(b)(3)

Another avenue through which a party can qualify to appear in the appeal of another is by satisfying the requirements under the third category of interested persons:

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(3).

Of the twelve individuals whose status as interested persons Appellant is challenging, we concluded, above, that nine—John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons— may qualify as part of a group entitled to interested person status under 24 V.S.A. § 4465(b)(4) because they signed the petition that was submitted to the DRB in a timely manner. Because these nine individuals are all represented by the same Counsel and because there is nothing before us to indicate that they have conflicting concerns, we do not analyze whether these individuals qualify to appear in this appeal under 24 V.S.A. § 4465(b)(3), a category that would afford them the status of interested persons as individuals. Should we ultimately determine that these nine individuals do not qualify as part of a group entitled to interested person status under 24 V.S.A. § 4465(b)(4), we will then take up Counsel's arguments addressing whether they qualify as individual interested persons under 24 V.S.A. § 4465(b)(3).

What remains for us to determine is whether Brian Farrar, Brian Bonk, and Jay Bochner qualify as interested persons under 24 V.S.A. § 4465(b)(3). Appellant argues that neither Brian Farrar nor Brian Bonk live in close proximity of Appellant's property nor can demonstrate an impact on their interests related to the noise provision under which Appellant received a NOV. Appellant alleges that Mr. Farrar's house is 0.83 miles from Appellant's house, that Mr. Bonk's house is 0.43 miles away, and that there is forested and mountainous terrain shielding Appellant's property from those two individuals' properties, preventing noise generated on Appellant's property from reaching the others' properties. Appellant argues that the larger immediate area is that of a V-shaped valley in which sound does not carry well. Appellant does not argue that Jay Bochner fails to qualify as an interested person under the § 4465(b)(3), but,

because we determined, above, that he should have filed a motion to intervene in place of the untimely notice of appearance he filed, he bears the burden to demonstrate to the Court that he meets the qualifications to appear in this appeal under one of the categories of interested persons defined in 24 V.S.A. § 4465.

Counsel for the three individuals responds that the distances should be measured between property lines and that Brian Farrar's property is 450 yards from Appellant's property and that Brian Bonk's property is 100 yards from Appellant's property. While Counsel does not explicitly argue that Jay Bochner qualifies as an interested person under § 4465(b)(3), the Court does have an affidavit from Mr. Bochner indicating that his property line is 150 yards from Appellant's. Counsel for the three individuals also argues that Appellant previously clear cut some of the wooded area on his property and that the lack of trees and the orientation of the larger area, that of a bowl-shaped valley, allows for sound to carry from Appellant's property for several miles.

The Court has an affidavit from Mr. Bonk asserting that he can hear Appellant's motocross bike from his property, including when inside his house, and that the noise disturbs his ability to enjoy his property. Mr. Bochner's affidavit includes assertions that he can easily hear when a chainsaw is being used on Appellant's property and that the use of a motocross bike would create similar noise and interfere with his ability to enjoy his property. We have no affidavit from Mr. Farrar.

The close proximity of these properties, particularly when the property lines are taken into account, and the similar physical characteristics of the properties, forested areas surrounding or within a valley, leads us to conclude that the properties are within the same neighborhood. Cf. Bostwick Road Two-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. Jan. 2007) (unpublished mem.) (concluding that the appellant did not have standing under § 4465(b)(3) partially because the appellant's residential property had a significantly different physical and social character from that of the tourist-oriented area along Vermont Route 7 where the proposed development, a vineyard, was to be located).

We further conclude that the statements in Mr. Bonk's and Mr. Bochner's affidavits demonstrate an impact on their individual interests related to the noise provision under which Appellant received a NOV. We do not, however, have before us any allegations specific to whether Mr. Farrar is impacted by noise generated by Appellant's motocross bike. Because 24

V.S.A. § 4465(b)(3) goes to one's status as an interested person as an individual, we must have information on an impact on Mr. Farrar himself in order to conclude that he has the ability to appear in this appeal as an interested person. It would be improper for us to assume that Mr. Farrar is impacted based on the general allegation that sound carries in the valley for several miles.

Turning to the final requirement for a party to qualify as an interested person under 24 V.S.A. § 4465(b)(3)—an allegation that the "decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality"—Appellant does not refute that the three named individuals meet this requirement. The record before us indicates that the individuals effectively, if not explicitly, make this allegation: they express concerns that Appellant's motocross activities are not in conformance with the Town's noise provision. We find this final requirement met for all three parties.

Therefore, we conclude that Brian Bonk and Jay Bochner qualify to appear in this appeal as interested persons under 24 V.S.A. § 4465(b)(3). We cannot reach this conclusion for Brian Farrar, however, as we have only circumstantial information indicating that he is impacted by the activities for which Appellant received a NOV. Rather than dismiss Brian Farrar from this appeal, we give him **fifteen days** after the issuance of this Decision to submit an affidavit addressing the impact, if any, upon him from Appellant's motocross activities. Should he fail to submit such an affidavit, or should we conclude that he faces no impact, we will dismiss him as an interested person.

## Conclusion

As indicated above, we **DENY** Appellant's motion to dismiss as it concerns the Town because we conclude that the Town's appearance was not untimely filed. We also **DENY** Appellant's motion to dismiss as it concerns Brian Bonk and Jay Bochner because we conclude that both individuals qualify to appear in this appeal as interested persons under 24 V.S.A. § 4465(b)(3).

Regarding the ten other individuals whose status as interested persons Appellant's motion challenges—Brian Farrar, John Bridgeman, Pen Bridgeman, Jeffrey Goyne, Charlotte Rosshandler, Robert Fretz, Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons— we do not reach a final conclusion here as to whether they can appear in this appeal. Before we reach such a conclusion, we provide Brian Farrar, Alison Osborne, John Osborne, Kitten Ellison, and Luke Parsons with **fifteen days** after the issuance of this Decision to provide the Court with

14

pertinent affidavits, the content and import of which is discussed in more detail above. We will subsequently issue a final determination on the status of these ten individuals in this appeal.

Done at Newfane, Vermont this 8th day of August, 2012.

_____

Thomas S. Durkin, Environmental Judge