STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                           Docket No. 150-10-14 Vtec

---

Wagner  &  Guay Permit

---

## ENTRY REGARDING MOTION

Title:           Motion to Dismiss Q 1, 3, 4, 6, 8, 9 (Motion 2)
Filer:          William Wagner
Attorney:    Robert F. O'Neill
Filed Date:   December 15, 2014

Response filed on 12/22/2014 by Attorney David E. Bond for Appellant Mary Bourassa
        Opposition
Response filed on 01/05/2015 by Attorney Robert F. O'Neill for Appellee Barbara Wagner
        Reply in Support

**The motion is GRANTED IN PART and DENIED IN PART.**

In the pending appeal, William and Barbara Wagner and Christopher Guay (Applicants) seek to construct a single family home on lots 3 and 4 of a previously approved six-lot subdivision located on Dodge Terrace in the Town of Grand Isle, Vermont (the development). Mary Bourassa (Appellant) resides in a single family home located on lot 2 of the development. On October 1, 2014 the Town of Grand Isle Development Review Board (DRB) granted Applicants' zoning permit.  On October 14, 2014 Appellant timely appealed the DRB's decision to this Court, filing a Statement of Questions consisting of 9 Questions.

On December 8, 2014, Appellant filed a civil complaint in the Chittenden Unit of the Vermont Superior Court (docket number 1276-12-14 Cncv) seeking a declaratory judgment as to the interpretation of covenants and restrictions in the deeds for lots 2, 5, and 6, and raising claims of fraud and breach of contract against the Wagners relative to those covenants and restrictions.

On December 22, 2014, the Wagner's filed a Motion to Dismiss Appellant's Questions 1, 3, 4, 6, 8, and 9 as not relevant and/or beyond the scope of the appeal.  Appellant opposes the motion.

We consider this motion under Vermont Rule of Civil Procedure 12(b)(6) as it seeks dismissal of Appellant's Questions for their failure to state issues on which the Court can grant Appellant relief.  In ruling on the Wagner's motion, we must assume the factual allegations made by Appellant are true and can only grant dismissal if "it appears beyond doubt that there

exist no facts or circumstances that would entitle [Appellant] to relief." Colby, 2008 VT 20, ¶ 5 (citing Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309).

## I.      Appellant's Questions 1, 3, and 4

Appellant's Questions 1, 3, and 4 all ask whether the application should be denied as inconsistent with § 2.4 of the Bylaws. Appellant's specifically point to a single sentence in § 2.4 stating that "[t]his Bylaw must not repeal, abrogate, or impair any other land use controls (including statutes, regulations, rules, ordinances, permits, easements, deed restrictions, covenants or similar devices)." Appellant argues that the application is inconsistent with covenants and restrictions in the deeds for lots 2, 5, and 6 which, she states, provide "that all structures shall be within the tree line, as depicted on Map Slide 21" and "that 'no pre-fabricated dwellings, including but not limited, to mobile homes or double-wide dwellings shall be erected on the premises.'" (Statement of Questions at 1–2, filed Oct. 30, 2014).

The Wagners move to dismiss Questions 1, 3, and 4 as outside this Court's jurisdiction. Appellant disagrees and contends that by its plain language, § 2.4 requires the Court to consider whether the application negatively impacts private land use controls. (Appellant's Opp. to Mot. to Dismiss at 2, filed Dec. 22, 2014).

We note that § 2.4 is titled "General Purpose, Interpretation and Applicability." Although purpose provisions are often non-enforceable, they can include mandatory requirements that are enforceable. In re Gerlach Parking Area Permit, No. 31-2-09 Vtec, slip op. at 8 (Vt. Envtl. Ct. Dec. 21, 2009) (Durkin, J.) (concluding that the requirement that a parking area "shall provide for pedestrian circulation" was an enforceable requirement despite its location within the context of a bylaw provision labeled "purpose"). The provision quoted above places limits on the Bylaws themselves and provides guidance for interpreting the Bylaws; it does not, however, provide the Court with the authority to deny the application for a zoning permit. This sentence within § 2.4 states a general principle of law that private contractual land use controls cannot be invalidated by the zoning bylaw.

This is a Court of limited jurisdiction, which does not extend to disputes over private property rights. See In re Woodstock Cmty. Trust & Hous. Vt. PRD, 2012 VT 87, ¶ 40, 192 Vt. 474, 494 ("[T]he Environmental Division does not have jurisdiction to determine private property rights."); see also In re Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.) (establishing the Court's authority and duty to determine whether an applicant has made a sufficient threshold showing of a lawful interest and right to develop the subject property as proposed but determining that any additional inquiry regarding private property rights was outside the Court's jurisdiction). Although it is within this Court's jurisdiction to consider whether an application satisfies applicable zoning regulations, it is not within our jurisdiction to consider whether an application violates private property rights embodied in deed restrictions and covenants. Blanch S. Marsh Inter Vivos Trust v. McGillvray, 2013 VT 6, ¶ 19, 193 Vt. 320.

Because Appellant's Questions 1, 3, and 4 ask the Environmental Division to consider deed restrictions rather than zoning regulations, our inquiry goes no further. It is within the civil division's authority to address these Questions, and not this Court's. See id. at ¶ 21 (citing

4 V.S.A. § 31; 12 V.S.A. § 402(a)) (holding that the civil division has authority to address questions related to deed restrictions and the Environmental Division does not).[1]

Assuming the veracity of Appellant's factual allegations, there are no facts or circumstances that would entitle Appellant to relief before the Environmental Division under Questions 1, 3, or 4 because these Questions raise issues regarding private property rights, which are outside this Court's jurisdiction. For this reason, we **DISMISS** Appellant's Questions 1, 3, and 4.

## II.      Appellant's Question 6

Appellant's Question 6 asks whether the application should be denied as inconsistent with the provisions of the Town Plan that mandate preservation of open spaces, views, and vistas, as incorporated by reference into the Bylaws under § 1.1. Titled "Purpose," § 1.1 states only: "The purpose of these Bylaws and Subdivision Regulations is to implement the goals, policies, and objectives of the Town Plan." The Wagners move to dismiss Question 6 as not relevant. They argue that neither Bylaws § 1.1 nor the Town Plan have any regulatory effect— the former because it is a purpose statement and contains no standards for consideration of a zoning permit application, and the latter because the cited provisions of the Town Plan have not been incorporated into the Bylaws. Appellant disagrees and argues that provisions from the Town Plan are relevant to discerning the intent and purpose behind the Bylaws.

As discussed above, absent mandatory requirements, the Bylaws' purpose provisions have no direct regulatory effect. In re Meaker, 156 Vt. 182, 185 (2001). Although the Bylaws should reflect the Town Plan, they are not controlled by it and "only those provisions incorporated into the Bylaws are legally enforceable." Kalakowski v. John A. Russell Corp., 137 Vt. 219, 225 (1979). It is the Bylaws that govern the application before the Court, not the Town Plan. If Town Plan provisions have been implemented through the Bylaws, Appellant must point to those sections of the Bylaws. As Appellant has offered no provisions within the Bylaws, only provisions in the Town Plan, Question 6 does not raise a claim upon which the Court could grant Appellant relief.[2]

---

[1] During the Court's December & February status conference with the parties, the Court explained the option of having a single Superior Court Judge assigned to hear both this Environmental Division and the Civil Division matters together in a coordinated fashion. The parties did not agree to this option.

[2] Although Question 6 only asks whether the application complies with "provisions of the Town Plan . . . as incorporated by reference in the Town's Zoning Bylaws under § 1.1," in her Opposition to the Motion to Dismiss Appellant also argues that the Town Plan provisions at issue were incorporated into the DRB's approval of the Wagner's subdivision permit. (Statement of Questions, at 2; Appellant's Opp. to Mot. to Dismiss at 5, filed Dec. 22, 2014). Without citation to any statute, regulation, rule, or caselaw precedent, Appellant states that:
> Where a specific parcel of land has already been preserved as open space under the subdivision process, and where both the Town Plan and the Bylaws identify preservation of open space as an important planning objective, the Town Plan may properly be considered to demonstrate the intent behind the existing restrictions on development.

(Appellant's Opp. to Mot. to Dismiss at 5–6, filed Dec. 22, 2014). Appellant seems to suggest that through some transitive property, the terms of a Town Plan have regulatory effect through a specific subdivision permit. This position is incorrect. As noted above, Appellant must point to relevant provisions of the Bylaws that govern the present application.

Even assuming that Appellant's factual allegations are true, absent regulatory effect, there are no facts or circumstances that would entitle Appellant to relief under Question 6. For this reason, we **DISMISS** Appellant's Question 6.

**III.     Appellant's Questions 8 and 9**

Appellant's Question 8 asks whether the application should be denied because Applicants made multiple material misrepresentations of fact in connection with their application, and Appellants Question 9 asks whether Appellant should be awarded legal fees and costs as a result any misrepresentations. Appellant alleges that Mr. Wagner made a representation to the DRB that "was directly at odds with written statements" Mr. Wagner made to Appellant at the time he sold her lot 2, although she does not provide any of these statements to the Court. (Appellant's Opp. to Mot. to Dismiss at 7, filed Dec. 22, 2014). The Wagners deny any such misrepresentations and argue that regardless, prior actions before the DRB are not properly before the Court on appeal.

The Wagners are correct that the Court undertakes a de novo review in this appeal and that we consider only the evidence presented to the Court, not the evidence that was presented to the DRB during the proceeding below. See V.R.E.C.P 5(g); <u>Chioffi v. Winooski Zoning Bd.</u>, 151 Vt. 9, 11 (1998) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'"). We therefore will not review the accuracy of the materials submitted to the DRB. We do, however, review for accuracy the material submitted in this de novo proceeding. It is therefore within the rights of both parties to challenge or support the adequacy of the application materials before the Court, as well as other evidence that Appellant provides the Court.

Because Appellant's Question 8, as worded, does not relate specifically to the materials submitted to the DRB, but rather to the Wagners' zoning application generally, its accuracy is before the Court in this appeal. Assuming the factual allegations made by Appellant are true, there is a reasonable possibility that facts or circumstances exist that might entitle Appellant to relief. For this reason, we **DENY** the Wagners' motion to dismiss Question 8. As Question 9 seeks legal fees, costs, and expenses relating to Question 8, we also **DENY** the Wagners' motion to dismiss Question 9.

**II.     Conclusion**

For the reasons stated above, we **GRANT** the Wagners' motion in part and **DISMISS** Appellant's Questions 1, 3, 4, and 6, and **DENY** their motion to dismiss Appellant's Questions 8 and 9. Appellants Questions 2, 5, 7, 8, and 9 therefore remain for trial.

Electronically signed on April 02, 2015 at 03:47 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
David E. Bond (ERN 3647), Attorney for Appellant Mary Bourassa
Robert F. O'Neill (ERN 2991), Attorney for Appellee William Wagner
Robert F. O'Neill (ERN 2991), Attorney for Appellee Barbara Wagner
Matthew S. Stern (ERN 5743), Attorney for party 3 Co-counsel
Amanda Lafferty (ERN 5113), Attorney for Interested Person Town of Grand Isle
Appellee Christopher Guay
Interested Person Michael Bleau